UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| THOMAS J. WALLS, JR. and, | ) | |
| THOMAS J. WALLS, SR., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:09CV35RWS |
| | ) | |
| BOARD OF REGENTS OF | ) | |
| SOUTHEAST MISSOURI STATE | ) | |
| UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs Thomas J. Walls, Jr. ("Walls") and his father, Thomas J. Walls, Sr. ("Walls, Sr."), brought this lawsuit against Defendants, the Board of Regents of Southeast Missouri State University ("the Board"), Alfred Castillo, Don Kaverman, Justin Kramer, Tony Samuel, and Terrence Samuel for negligence. The Board now moves to dismiss on the basis of sovereign immunity. Because Plaintiff's complaint does not allege a waiver of sovereign immunity, I will grant the Board's motion.

In Walls and Walls, Sr.'s Complaint, they allege that on March 30, 2007, Thomas J. Walls, Jr., a Southeast Missouri State University football player, was attacked and repeatedly hit in the head with the butt of a gun at a school sponsored

event. One week later, despite Walls' complaints about serious headaches, Defendants cleared him for participation in football team practices. The next day, while at practice, Walls was hit and elevated by an opposing player during a passing drill, causing Walls to spin in the air and land on his head. Walls claims his injuries from being struck on the head with the butt of the gun were severe and were worsened when he hit his head during football practice. As a result, Walls has suffered devastating neuropsychological injuries that have reduced both his mental and physical functionality, and he is no longer able to perform as a student-athlete.

The Board has moved for dismissal for failure to state a claim under Rule 12(b)(6) based on Eleventh Amendment sovereign immunity. The Eleventh Amendment provides that a court's judicial power does not extend to an individual suing a state, regardless of whether or not the individual resides in that state. See Klinger v. Director, Dept. of Revenue 455 F.3d 888, 892-893 (8th Cir. 2006). Eleventh Amendment sovereign immunity is jurisdictional. State of Missouri v. St. Louis Sewer Dist., 2009 WL 1587125 (8th Cir. May 14, 2009). The Eighth Circuit has not yet ruled whether motion to dismiss for sovereign immunity should be analyzed under Rule 12(b)(1) for lack of subject matter jurisdiction or under 12(b)(6) for failure to state a claim.

Other circuits conclude, however, that the issue is one of subject matter jurisdiction. See, e.g., Gasparik v. Stony Brook University, 296 F. App'x. 151, 151 (2d Cir. 2008) (dismissing complaint for lack of subject matter jurisdiction under Rule 12(b)(1) based on Eleventh Amendment sovereign immunity); Beil v. Lake Erie Correction Records Dept., 282 F. App'x 363, 365 (6th Cir. 2008) (dismissing plaintiff's complaint for lack of subject matter jurisdiction because his claims were barred by the Eleventh Amendment); Miner Elec. v. Muskogee (Creek) Nation, 502 F.3d 1007, 1009 (1st Cir. 2007) (concluding that tribal sovereign immunity is a matter of subject matter jurisdiction).

I agree that the issue is one of subject matter jurisdiction and should be analyzed under Rule 12(b)(1). "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). "[A] crucial distinction, often overlooked, [exists] between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "In the first instance, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Osborn, 918

F.2d at 729. "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Id. (citing Mortensen, 549 F.2d at 891). Here, the Board makes a facial attack. Therefore, it is not necessary to examine the factual basis of the plaintiffs' allegations.

The Board contends that the Plaintiffs' Complaint should be dismissed because it is immune from suits under the doctrine of sovereign immunity. Under Missouri law, a state university is an arm of the state and therefore entitled to sovereign immunity. Mo. Rev. Stat. § 537.600; Langley v. Curators of the Univ. of Mo., 73 S.W.3d 808, 813 (Mo. Ct. App. 2002); Brennan v. Curators of the Univ. of Mo., 942 S.W.2d 432, 437 (Mo. Ct. App. 1997); Aiello v. St. Louis Cmty. Coll. Dist., 830 S.W.2d 556, 559 (Mo. Ct. App. 1992); Kransey v. Curators of the Univ. of Mo., 765 S.W.2d 646, 649-50 (Mo. Ct. App. 1989).

On May 22, 2009, Plaintiffs filed their response in opposition to The Board's motion to dismiss stating that, upon information and belief, the Board has waived sovereign immunity by establishing some type of insurance coverage for tort claims. Plaintiffs did not, however, allege a waiver of sovereign immunity in their Complaint. Therefore, on the face of the Complaint, this Court lacks jurisdiction over Plaintiffs' claims against the Board. As a result, I will grant the

Board's motion to dismiss on the basis of sovereign immunity. Plaintiffs may reassert a waiver of sovereign immunity by filing an Amended Complaint upon proper motion, should they choose to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Board of Regents of Southeast Missouri State's Motion to Dismiss [#14] is **GRANTED**.

Dated this 20th Day of July, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE